IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:08-CV-1870-O |
| | § | |
| $44,860.00 IN UNITED STATES | § | |
| CURRENCY, | § | |
| Defendant *In Rem.* | § | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Government's ("Plaintiff") Motion for Default Judgment and Judgment for Forfeiture filed March 3, 2009 (Doc. # 10). Having reviewed the pleadings, the Court finds as follows.

**I. BACKGROUND**

On August 21, 2007, the Government filed its complaint for forfeiture *in rem* against $44,860.00 in Unites States currency ("Defendant property") seized in Fort Worth, Texas by the United States Postal Investigation Services ("USPIS"). *See generally*, Compl., Doc. # 1. The seizure took place following the discovery of the currency hidden inside a suspicious parcel of mail. *Id.*

Prior to filing the present case, the USPIS commenced the present administrative forfeiture proceeding seeking seizure of the currency and the execution of service on all persons and entities, known and unknown, to have an interest in the property. *See* Doc. Nos. 1, 2. Thereafter, Thomas and Shannon Walker asserted a verified claim of interest in the property, and consequently, the USPIS terminated the administrative proceeding

1

and sought judicial determination of the forfeiture.  *See generally*, Pl.'s Motion, Doc. # 10.

After receiving receipt of the Walkers' claim, on October 29, 2008, the Plaintiff served both Thomas and Shannon with copies of the complaint and warrant of arrest *in rem* by sending notice to each by way of both U.S. certified and regular mail.  *Id*.  Notice of seizure was also posted on the federal government's official forfeiture website, (www.forfeiture.com), beginning October 22, 2008, for over thirty consecutive days.  *Id.*  As the time to file either an answer or claim expired, on March 5, 2009, the government filed the present motion.

**II.  STANDARDS**

**A. <u>Legal Standard for Entry of Default</u>**

Entry of a party's default must be made by the clerk of the court before a default judgment may be granted.  FED. R. CIV. P. 55(a), (b); *New York Life Ins. Co. v. Brown*, 84 F. 3d 137, 141 (5th Cir.1996).  The clerk of court *must* enter a party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  FED. R. CIV. P. 55(a), (b); *Brown*, 84 F.3d at 141.  However, "the entry of a default order does not preclude a party from challenging the sufficiency of the complaint."  *Cripps v. Life Ins. Co. of North Am.,* 980 F.2d 1261, 1267 (9th Cir.1992).  In other words, an entry of default does not serve to remedy an otherwise legally insufficient complaint. *United States v. $345,510 in U.S. Currency*, 2002 U.S. Dist. WEST 22040 (D. Minn.).  Although

courts must remember that a judgment is "a drastic remedy," it is appropriate when a party's non-responsiveness has halted the adversary process. *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Default judgment is proper if there is a sufficient basis in the pleadings for the judgment. *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A defendant, "by his default, admits the plaintiff's well-pleaded allegations of fact." *Id*. Therefore, the Court may only enter default judgment against if the Government's well-pleaded factual allegations establish a valid cause of action.

## B. Legal Standard for Civil Forfeiture

Congress has provided for property or money valued $500,000 or less to be civilly forfeited at the administrative level. *See* 19 U.S.C. § 1607. When property is seized by a Government agency, timely notice must be extended to all "interested parties" before the action proceeds. *Id*. § 1607(a). Importantly, however, "if an individual fails to contest an administrative forfeiture, he loses all recourse for judicial review" to challenge its merits. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 35 (1st Cir. 2001); *See* 19 U.S.C. § 1609. While this regiment has been implemented to accommodate judicial efficiency, due process must be extended to those who have a rightful claim to the property and wish to challenge its forfeiture. *Id*. Consequently, if a right to the property is timely filed in accordance with the laws therein, the administrative procedure must immediately be halted. *See* 19 U.S.C. § 1608. Because property owners "are entitled to freedom from the threat of seizure of their livelihood upon conclusory allegations and dubious

circumstances," the alternate regime guarantees the claimant the right to a judicial proceeding. *United States v. Mondragon*, 313 F.3d 862, 865 (4th Cir. 2002) (quoting *Riverway Co. v. Spivey Marine Harbor Serv. Co.*, 598 F.Supp. 909, 913 (S.D.Ill.1984). Once a property owner claims an interest in the property at issue, the action must be pursued as a judicial forfeiture in accordance with the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rules"). *See* 18 U.S.C. § 983(a)(3)(A).

Rule E(2)(a) of the Supplemental Rules sets forth, in part, "the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and frame a responsive pleading." *See* Supplemental Rule E(2)(a). Being such, the Fifth Circuit has held the Supplemental Rules impose a substantive pleading requirement which certainly "within the context of civil forfeiture, the Government must do more than simply provide greater detail than it otherwise would be required to do under Rule 8 of the Federal Rules of Civil Procedure." *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003). The Fifth Circuit has, thus, interpreted Rule E(2)(a) as requiring the government to allege "facts supporting a reasonable belief that it will be able to bear its burden at trial." *$ 49,000 Currency,* 330 F.3d at 376 n.8 (citing *Mondragon,* 313 F.3d at 865); *see also*, *United States v. $109,086.00 in U.S. Currency*, 2005 U.S. Dist. LEXIS 45794 (S.D. Tex. 2005).

Whether a complaint satisfies the particularity requirement is "one part of the process which guards against the improper use of" seizure proceedings. *$109,086.00,*

2005 U.S. Dist. LEXIS at *7, citing *Mondragon,* 313 F.3d at 865. Accordingly, under Rule E(2)(a), "the Government must allege facts supporting a reasonable belief that it will be able to bear its burden at trial." *$49,000*, 330 F.3d at 376.

While the government is not required to *prove* the elements of its case during this stage of the proceeding, it is nevertheless compelled to demonstrate it has probable cause to believe that there is a "substantial connection" between the defendant property and alleged criminal offense. *Id.*

### III. ANALYSIS

In the instant case, the Government seeks forfeiture of the Defendant currency on the ground that it was either involved in drug trafficking, *see* 21 U.S.C. § 881(a)(6), or represents the proceeds of some other form of a specified unlawful activity. *See* 18 U.S.C. § 981(a)(1)(C), (A).[2]

The Court looks to see if the Government met its obligation to state the specific circumstances underlying the seizure. This may be accomplished by pleading "specific information about the date and location of the seizure, the amount of money seized, and the claimant's actions on the date of seizure" in the complaint. *$109,086.00,* 2005 U.S. Dist. LEXIS at *11.

Here, the Government's complaint states the grounds for jurisdiction, cause of action, grounds for venue, location of the seizure of Defendant property, dollar amount of

---

[2] Under 18 U.S.C. § 981(a)(1)(C) as proceeds constituting a violation, or a conspiracy to violate Title 18, Section 2320 of the United States Code (transacting in counterfeit goods). The Government also alleges the property is partially and/or wholly subject to forfeiture pursuant to 18 U.S.C. §981(a)(1)(A) because the currency represents property involved in a financial transaction in violation of Title 18, Section 1956 of the United States Code (money laundering).

the Defendant property, the location of Defendant property, and details the filing of a claim of ownership by Claimant Walker.[3] (Pl. Comp. ¶¶ 1-7). Moreover, the complaint is supplemented with a verified affidavit from a Postal Inspector with the United States Postal Inspection Services, which provides details surrounding the seizure, describes Claimant's conduct on such date, and establishes the property is subject to forfeiture. Inspector Smiddy's fourteen-page affidavit is based on his personal experience in his seventeen years' investigation work, including extensive experience in narcotics detection and criminal investigations. (Compl., Aff. at 2). Importantly, as in *Mondragon*, the attached affidavit contains numerous facts, which, as the Government contends, and the Court agrees, sufficiently connect the seized monies to illegal narcotics. Much like those circumstances, Inspector Smiddy has based his professional opinion on similar and equally telling facts. Among others, Smiddy alleges "the concealment of the currency inside the TV set/DVD player inside the parcel," "the cellophane bundles of currency," "the large amount of and the bill denominations comprising the currency," and "the narcotics canine alert on the currency bundles," are all factors tending to show probable cause. (Compl., Aff. at 13).

Federal Rule of Civil Procedure 54(c) provides that "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). Here, the Government requests the Court enter a default and a final

---

[3] The $44,860.00 in Defendant property was seized on August 21, 2007 at the Airmail Center Post Office, 2300 West 32nd, Dallas, Texas by the USPIS. The property was seized from Thomas Walker, who admitted to mailing the parcel containing the Defendant property. The complaint also sets forth the manner and deadline for claiming interest and ownership in the property as requirements to challenge the forfeiture. Specifically, advising the date of notice; deadline for filing a claim (35 days after notice is sent); that an answer or motion under Rule 12(b) must be filed no later than 20 days after the filing of claim; and the name of the Government's attorney to be served with the claim and answer.

judgment of forfeiture in their favor with respect to the $44,860.00. Doc. # 1.  The Court finds that the requested relief is appropriate, given the evidence presented by the Government, the sufficiency of the proceedings in this action and the failure of any party to assert otherwise. Accordingly, the Court finds that default judgment is appropriate.

## IV. CONCLUSION

Based on the foregoing, the Court finds that the Government's Motion for Default Judgment (Doc. # 10) should be and hereby is GRANTED.

*[signature]*
**Reed O'Connor
UNITED STATES DISTRICT JUDGE**